UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID CLOUGH, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-101-P-S |
| | ) | |
| | ) | Civil No. 08-415-P-S |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

David Clough has filed a 28 U.S.C. § 2255 motion. I have screened this motion pursuant to Rule Governing Section 2255 Proceedings 4. Clough lists three grounds. First he complains about the denial of an acceptance of responsibility reduction by the court because of his alleged pre-sentence contraband activity in prison, conduct that was never subject to state or federal charges. His other two grounds pertain to the Bureau of Prison's refusal to list him for institutional identification purposes as David Clough rather than his former name David Finch, the name under which he informed on other individuals involved in the drug trade. Clough states that because of the association of him with his former name his life is in danger as a consequence of his notoriety amongst the prison population as David Finch. The BOP has notified him that he is listed as Finch because that is the name on the judgment of revocation he is serving (as opposed to his Crim. No. 05-101-B-S conviction) and that it cannot change this information without a Court order. This Court entered a revocation judgment on June 7, 2006, in Crim. No. 95-34-B-S, sentencing David Finch to 13-months on this infraction. (Crim. No. 95-34-B-S, Doc. No. 54.)

The judgment in Crim. No. 05-101-B-S was entered June 7, 2006, also. Clough did not pursue a direct appeal because his attorney told him there were no meritorious grounds. He identifies threats to his safety and security-related transfers that interfere with his ability to do legal research as a reason for his untimeliness under 28 U.S.C. § 2255(f).

The only one of these claims cognizable as a 28 U.S.C. § 2255 ground apropos Clough's Crim. No. 05-101-B-S conviction/sentence is the challenge to impact on his sentence of the allegations of prison contraband activity. There is no reason that Clough would need to have access to the prison law library to have pressed this claim in a timely manner. What is more, the fact that he did not take a direct appeal would have doomed this challenge in a timely 28 U.S.C. § 2255 action because it is a straight-up challenge to his sentence that could have been and was not raised in a direct appeal. See United States v. Frady, 456 U.S. 152, 164-65 (1982). ([W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.") (collecting cases). It is also evident that given Clough's statutorily defined sentencing exposure, any judicial fact finding on this uncharged conduct did not run afoul of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005).

As for Clough's efforts to get the BOP to stop using the David Finch name, this practice has nothing to do with the merits of Clough's conviction or sentence. Any relief the court might be able to provide Clough -- such as amending the revocation judgment to correct the spelling of his name -- would not be issued under the umbrella of this 28 U.S.C. § 2255 proceeding.

## *Conclusion*

For these reasons, I recommend that the Court deny Clough 28 U.S.C. § 2255 relief and summarily dismiss this motion pursuant to Rule Governing Section 2255 Proceedings 4. I further

recommend that no certificate of appealability should issue in the event Clough files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 8, 2008.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge